**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Martha Magali Gomez Alvarado, *et al.*, | : | |
| | : | CASE NO:  3:18-cv-00589 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Judge Jack Zouhary |
| Jason Beard, *et al.,* | : | |
| | : | |
| Defendants. | : | |

---

**ANSWER OF DEFENDANTS**
**JASON BEARD AND NATHAN KAUFMANN**

---

Now comes Defendants Jason Beard and Nathan Kaufmann, by and through the undersigned counsel, and pleads in response to the allegations in Plaintiffs' Complaint as follows:

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

3. In response to the allegations contained in Paragraph 3 of the Complaint, Defendants admit that Defendant Beard responded to the situation properly and acted in a lawful

1

manner pursuant to proper law enforcement protocol. As to the remainder of the allegations in Paragraph 3, Defendants deny.

4.  Defendants deny the allegations in Paragraph 4 of the Complaint as calling for a legal conclusion.

5.  Defendants admit the allegations as to venue in Paragraph 5 of the Complaint. Defendants admit that their jurisdiction as law enforcement officers of the Ohio Department of Natural Resources is within this Court's district and Division. Defendants deny that Plaintiffs reside in this district for lack of knowledge or information sufficient to form a belief about the truth of the allegations. Defendants admit that some of the events described in this Complaint occurred in Willard (Huron County) Ohio, but deny that all events described in this Complaint occurred in Willard (Huron County) Ohio.

6.  Defendants deny the allegations in Paragraph 6 of the Complaint as calling for a legal conclusion.

7.  Defendants deny the allegations contained in Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

8.  Defendants admit the allegations contained in Paragraph 28 of the Complaint.

9.  Defendants deny the allegations contained in Paragraph 29 of the Complaint as calling for a legal conclusion.

2

10. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 31 of the Complaint as calling for a legal conclusion.

12. As to the allegations contained in Paragraph 32 of the Complaint, Defendants admit that the Ohio Department of Natural Resources is a state agency; that the ODNR includes a Division of Wildlife and a Division of Parks and Watercraft. Defendants deny that the agency is charged with ensuring the protection and wise use of natural resources in Ohio, but admit that the agency's mission statement is: " to ensure a balance between wise use and protection of our natural resources for the benefit of all."

13. Defendants admit the allegations contained in Paragraph 33 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 34 of the Complaint.

15. Defendants admit that the statutes cited in Paragraph 35 of the Complaint speak for themselves, and deny the remaining allegations as calling for a legal conclusion.

16. Defendants admit the allegations contained in Paragraph 36 of the Complaint.

17. Defendants admit that the statutes cited in Paragraph 37 of the Complaint speak for themselves, and deny the remaining allegations as calling for a legal conclusion.

18. Defendants admit the allegations contained in Paragraph 38 only to the extent that the ODNR does not have a written agreement with the United States Attorney General or Secretary of Homeland Security, and deny the remaining allegations.

19. Defendants admit the allegations contained in Paragraph 39 of the Complaint.

20. As to the allegations contained in Paragraph 40 of the Complaint, Defendants admit the allegations only to the extent that Plaintiffs T.L., A.G.P., A.G.G., A.M.G.G., and L.G.G., and Yenifer and Yojani were present; as the relationships of these Plaintiffs to other Plaintiffs, Defendants deny the allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

21. Defendants deny the allegations contained in Paragraph 41 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

22. Defendants deny the allegations contained in Paragraph 42 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

23. As to the allegations in Paragraph 43 of the Complaint, Defendants admit the allegations only to the extent that Plaintiffs M. Gomez Alvarado, G. Gomez Alvarado, and Gonzelez Perez spoke some English; Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

4

24. As to the allegations contained in Paragraph 44 of the Complaint, Defendants admit the allegations only to the extent that Defendant Beard arrived on the scene during his regular patrol of the Willard reservoir and deny the remaining allegations.

25. As to the allegations contained in Paragraph 45 of the Complaint, Defendants admit the allegations only to the extent that M. Gomez Alvarado and G. Gomez Alvarado each had a fishing line. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

26. As to the allegations contained in Paragraph 46 of the Complaint, Defendants admit the allegations only to the extent that G. Gomez Alvarado had something on his line and his line was in the water. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

27. As to the allegations contained in Paragraph 47 of the Complaint, Defendants admit the allegations only to the extent that M. Gomez Alvarado's line was in the water. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

28. Defendants deny the allegations contained in Paragraph 48 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations. Defendants admit the allegations only to the extent that there were other people present at the Willard reservoir on October 8, 2017.

29. As to the allegations contained in Paragraph 49 of the Complaint, Defendants admit the allegations only to the extent that Yenifer and Yojani were not with the group

5

upon Defendant Beard's initial encounter. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

30. Defendants admit the allegations in Paragraph 50 of the Complaint.

31. Defendants deny the allegations in Paragraph 51 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

32. Defendants admit the allegations in Paragraph 52 of the Complaint.

33. As to the allegations contained in Paragraph 53 of the Complaint, Defendants admit the allegations only to the extent that Defendant Beard asked Plaintiffs if they possessed fishing licenses. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

34. As to the allegations contained in Paragraph 54 of the Complaint, Defendants admit the allegations only to the extent that Plaintiffs responded to Defendant Beard's question regarding possession of a fishing license in the negative. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

35. Defendants admit to the allegations contained in Paragraph 55 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 56 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

37. As to the allegations contained in Paragraph 57 of the Complaint, Defendants deny that Defendant Beard ordered Plaintiffs to sit down. Defendants admit the remaining allegations.

38. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 60 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

41. Defendants deny the allegations contained in Paragraph 61 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

42. As to the allegations contained in Paragraph 62 of the Complaint, Defendants admit the allegations only to the extent that the Plaintiffs remained in the parking lot. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

43. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

44. As to the allegations contained in Paragraph 64 of the Complaint, Defendants admit that the Plaintiffs informed Defendant Beard of their immigration status.

45. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

46. As to the allegations contained in Paragraph 66 of the Complaint, Defendants admit the allegation only to the extent that Defendant Beard may have informed one or more Plaintiffs that he was going to call Border Patrol and deny the remaining allegations in the paragraph.

47. Defendants admit the allegations contained in Paragraph 67 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 68 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

49. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

51. As to the allegations contained in Paragraph 71 of the Complaint, Defendants admit the allegation only to the extent that Defendant Beard requested identification from the adult Plaintiffs. Defendants deny that Defendant Beard demanded to see the identification.

52. Defendants admit the allegations contained in Paragraph 72 of the Complaint.

53. As to the allegations in Paragraph 73 of the Complaint, Defendants admit the allegations only to the extent that Plaintiff M. Gomez Alvarado asked Defendant Beard if she could get the bottle. As to the remaining allegations, Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

8

54. As to the allegations in Paragraph 74 of the Complaint, Defendants admit the allegation only to the extent that Defendant Beard asked Plaintiff M. Gomez Alvarado to wait and deny the remaining allegations in the paragraph.

55. As to the allegations in Paragraph 75 of the Complaint, Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

56. As to the allegations in Paragraph 76 of the Complaint, Defendants admit the allegation only to the extent that Defendant Beard accompanied Plaintiff M. Gomez Alvarado to the car and deny the remaining allegations in the paragraph.

57. As to the allegations in Paragraph 77 of the Complaint, Defendants admit the allegation only to the extent that Plaintiff M. Gomez Alvarado gave the keys to Defendant Beard and that the two of them walked to the car and deny the remaining allegations in the paragraph.

58. As to the allegations in Paragraph 78 of the Complaint, Defendants admit the allegation only to the extent that the reservoir is in a rural area off a two-lane state highway (State Route 61). Defendants deny the remaining allegations in the paragraph for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

59. Defendants admit the allegations in Paragraph 79 of the Complaint.

60. As to the allegations in Paragraph 80 of the Complaint, Defendants admit the allegation only to the extent that Plaintiff M. Gomez Alvarado reached inside the car and grabbed a bottle, and deny the remaining allegations in the paragraph.

61. Defendants deny the allegations in Paragraph 81 of the Complaint.

62. As to the allegations in Paragraph 82 of the Complaint, Defendants admit the allegations only to the extent that Plaintiff M. Gomez Alvarado and Defendant Beard walked back to the group and that Defendant Beard asked for her identification, and deny the remaining allegations in the paragraph.

63. Defendants deny the allegations in Paragraph 83 of the Complaint.

64. As to the allegations in Paragraph 84 of the Complaint, Defendants admit to the extent that Defendant Beard requested the Adult Plaintiffs write their names on a piece of paper and deny the remaining allegations in the paragraph.

65. As to the allegations in Paragraph 85 of the Complaint, Defendants admit the allegation only to the extent that the adult Plaintiffs provided names on a piece of paper. Defendants deny the remaining allegations in the paragraph for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

66. As to the allegations in Paragraph 86 of the Complaint, Defendants admit the allegation only to the extent that Defendant Beard contacted Defendant Kaufmann around 1:20 p.m. and to request that he come to the Willard Reservoir, and deny the remaining allegations in the paragraph.

10

67. Defendants admit the allegations in Paragraph 87 of the Complaint.

68. As to the allegations contained in Paragraph 88 of the Complaint, Defendants admit the allegations only to the extent that Defendant Beard contacted Border Patrol and deny the remaining allegations in the paragraph.

69. As to the allegations contained in Paragraph 89 of the Complaint, Defendants admit that Yenifer and Yojani joined the Plaintiffs at some point during the alleged incident and deny the remaining allegations in the paragraph.

70. Defendants admit allegations contained in Paragraph 90 of the Complaint.

71. As to the allegations in Paragraph 91 of the Complaint, Defendants admit the allegations only to the extent that Border Patrol agents arrived at 2:45 p.m. Defendants deny the allegation that the Border Patrol agents showed up on the scene at the request of Defendant Beard. As to the remaining allegations in the paragraph, Defendants deny for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

72. Defendants deny the allegations contained in Paragraph 92 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth of the allegations.

73. As to the allegations contained in Paragraph 93 of the Complaint, Defendants admit the allegations only to the extent that the ODNR did not issue a ticket to M. Gomez Alvarado for illegal fishing and deny the remaining allegations.

11

74. As to the allegations contained in Paragraph 94 of the Complaint, Defendants admit to the allegations only to the extent that Plaintiff G. Gomez Alvarado was issued a citation for fishing in state waters without a valid fishing license and deny the remaining allegations.

75. Defendants deny the allegations contained in Paragraphs 95, 96, and 97 for lack of knowledge and information sufficient to form a belief about the truth of the allegations.

76. Defendants admit the allegations contained in Paragraph 98.

77. Defendants admit the allegations contained in Paragraph 99 only to the extent that Defendant Beard contacted Border Patrol and that the case report speaks for itself. Defendants deny the remaining allegations.

78. Defendants deny the allegations contained in Paragraphs 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, and 111 for lack of knowledge and information sufficient to form a belief about the truth of the allegations.

79. Plaintiffs' Complaint contains two different paragraphs labeled as "112." As to both the first Paragraph 112 and the second Paragraph 112, Defendants deny the allegations for lack of knowledge and information sufficient to form a belief about the truth of the allegations.

80. Defendants deny the allegations contained in Paragraphs 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, and 124 for lack of knowledge and information sufficient to form a belief about the truth of the allegations.

81. Defendants deny the allegations contained in Paragraph 125 of the Complaint.

82. Defendants deny the allegations contained in Paragraphs 126, 127, 128, and 129 for lack of knowledge and information sufficient to form a belief about the truth of the allegations.

83. In response to Paragraph 130 of the Complaint, Defendants maintain the above responses to the allegations contained in Paragraphs 1 through 129 of the Complaint, as set forth above.

84. Defendants deny the allegations set forth in Paragraph 131 of the Complaint.

85. Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

86. Defendants deny the allegations set forth in Paragraph 133 of the Complaint.

87. Defendants deny the allegations set forth in Paragraph 134 of the Complaint.

88. Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

89. In response to Paragraph 136 of the Complaint, Defendants maintain the above responses to the allegations contained in Paragraphs 1 through 135 of the Complaint, as set forth above.

90. Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

91. Defendants deny the allegations set forth in Paragraph 138 of the Complaint.

92. Defendants deny the allegations set forth in Paragraph 139 of the Complaint.

93. Defendants deny the allegations set forth in Paragraph 140 of the Complaint.

94. Defendants deny the allegations set forth in Paragraph 141 of the Complaint.

95. In response to Paragraph 142 of the complaint, Defendants maintain the above responses to the allegations contained in Paragraphs 1 through 141 of the Complaint, as set forth above.

96. Defendants deny the allegations set forth in Paragraph 143 of the Complaint.

97. Defendants deny the allegations set forth in Paragraph 144 of the Complaint.

98. Defendants deny the allegations set forth in Paragraph 145 of the Complaint.

99. Defendants deny the allegations set forth in Paragraph 146 of the Complaint.

100.    Defendants deny the allegations set forth in Paragraph 147 of the Complaint.

## **AFFIRMATIVE DEFENSES**

A.  The Complaint fails to state a claim upon which relief may be granted.

B.  This court lacks subject matter jurisdiction over all or parts of the action.

C.  This court lacks proper venue for the action.

D.  All or some of the causes of action set forth in the complaint are barred by the Eleventh Amendment of the United States Constitution.

E.  All or some of the causes of action set forth in the complaint are barred by Absolute Immunity, Qualified Immunity and/or other immunities.

F.  All or some of the causes of action set forth in the Complaint are barred due to the failure of the Plaintiffs to comply with Ohio law regarding the bringing of legal action against the State of Ohio and/or employees of the State of Ohio and its agencies, R.C. Chapter 2744, and/or common law.

G.  The Complaint fails to join necessary parties as required by Fed. R. Civ. P. 19.

H.  The Complaint is barred by the doctrine of waiver.

I.  The Complaint is barred by the doctrine of estoppel.

J.  The Complaint is barred by the doctrine of laches.

K.  The Plaintiffs are not entitled to declaratory relief.

L.  The Plaintiffs fail to state a claim upon which relief can be granted.

M.  Defendant Beard and Defendant Kaufmann hereby expressly reserve any and all defenses available at law or in equity not specifically set forth herein.

WHEREFORE, having fully pled in response to each allegation in the Plaintiffs' Complaint, Defendant Beard and Defendant Kaufmann hereby prays that the Complaint be dismissed with prejudice and at Plaintiffs' cost, and that the Defendants be granted all other relief to which they are entitled.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General

/s/*Molly S. Corey*
MOLLY S. COREY (0079287)
W. SCOTT MYERS (0040686)
Assistant Attorneys General
Environmental Enforcement Section
2045 Morse Road, A-3
Columbus, Ohio 43229-6693
Phone: 614-265-7071
Fax: 614-268-8871
molly.corey@ohioattorneygeneral.gov
scott.myers@ohioattorneygeneral.gov
*Counsel for Defendants Jason Beard and Nathan Kaufmann*

16

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served electronically through this

Court's electronic service system upon all parties and/or counsel of record on this 7th day of

June, 2018. Notice of this filing is sent by operation of the Court's electronic filing system to all

parties indicated on the electronic filing receipt. Parties may access this filing through the

Court's system

/s/*Molly S. Corey*_____
Molly S. Corey (0079287)

17